IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DERRICK DOREZ HOARD**                                                       **PETITIONER**

v.                                                       **CIVIL ACTION NO. 3:21-cv-363-TSL-MTP**

**LEE D. VANCE**                                                           **RESPONDENT**

**REPORT AND RECOMMENDATION**

BEFORE THE COURT is the Petition for a Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 filed by Derrick Dorez Hoard and the Motion to Dismiss [4] filed by Respondent. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion to Dismiss [4] be granted, the Petition [1] be denied, and this action be dismissed.

**BACKGROUND**

Petitioner is a pretrial detainee housed at the Hinds County Detention Facility. On October 31, 2015, Petitioner was arrested and indicted for capital murder in connection with the death of a two-year old child. *See* [1]; [4-2]. On December 17, 2020, Petitioner filed a motion to dismiss in the Hinds County Circuit Court, arguing that the criminal charge against him should be dismissed based on a violation of his right to a speedy trial. *See* [4-29]. On March 5, 2021, before the trial court ruled on his motion to dismiss, Petitioner filed a petition for writ of habeas corpus in the Mississippi Supreme Court, requesting that his criminal charge be dismissed based on a speedy trial violation.[1] On April 7, 2021, the Mississippi Supreme Court determined that

---

[1] *See* https://courts.ms.gov/ (last visited December 9, 2021).

the petition was premature—noting that the circuit court had set Petitioner's pretrial motions for hearing—and dismissed the petition without prejudice.[2]

On May 25, 2021, Petitioner filed the instant Petition for a Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241.  Petitioner raises the following grounds for relief (as stated by the *pro se* Petitioner):

1. Mississippi Rules of Criminal Procedure Rule 9(a) Trial shall be for no later than two hundred seventy days after arraignment (or waiver thereof).  Cases set by the judge for trial must be ready at appointed time.  Mississippi Annotated Code 99-17-1.

2. United States Constitution 8th Amendment states 'Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.'

3. Uniform Rules of Circuit Court and Practice Rule 8.01 states that 'Unless good cause be shown, an accused shall be brought to trial no later than two hundred seventy (270) days following arraignment (or waiver thereof).'

4. The 5th and 14th Amendments of the United States Constitution states 'No person shall be deprived of life, liberty, or property without due process of law, and also equal protection of laws.'

*See* [1].  As relief, Petitioner requests that the Court dismiss his criminal charge with prejudice. *Id*.

On June 18, 2021, Respondent filed a Motion to Dismiss [4] arguing that Petitioner has failed to state a claim upon which federal habeas relief may be granted because he requests the dismissal of his criminal charge based on a speedy trial violation.  Additionally, Respondent argues that Plaintiff failed to sufficiently exhaust his available state court remedies.

---

[2] *Id*.

## ANALYSIS

*Speedy Trial*

Liberally construing the Petition,[3] it is apparent that in grounds one, three, and four Petitioner is challenging his confinement based on his right to a speedy trial. In support of each of these grounds for relief, Petitioner maintains that he has been detained for more than five years without a trial. The Sixth Amendment guarantees that for "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The right to a speedy trial is applied to the states via incorporation by the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222-23 (1967).

A state pretrial detainee may raise a speedy trial claim under § 2241 in order to force the state to bring him to trial. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)). However, relief under § 2241 is not available where the petitioner seeks only dismissal of state charges and release based upon a violation of the right to a speedy trial. *Id.* The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Id.* (quoting *Smith v. Hooey*, 393 U.S. 374 (1969)). The distinction turns upon the type of relief sought: "an attempt to dismiss an indictment or otherwise present a prosecution is of the first type, while an attempt to force the state to go to trial is of the second." *Id.*

---

[3] Courts give "a liberal construction to *pro se* habeas corpus pleadings." *McCloud v. Wainwright*, 508 F.2d 853, 854 n.2 (5th Cir. 1975).

3

In this case, Petitioner seeks only dismissal of the state criminal charge based upon a violation of the right to a speedy trial. He does not request that the Court force the state to go to trial. Accordingly, for grounds one, three, and four, Petitioner has failed to state a claim upon which relief may be granted and is not entitled to habeas relief. *See*, *e.g.*, *Reed v. Sollie*, 2020 WL 2373765 (S.D. Miss. Apr. 14, 2020); *McNeil v. Mason*, 2020 WL 898513 (S.D. Miss. Jan. 29, 2020); *Houston v. Sollie*, 2018 WL 3203604 (S.D. Miss. May 29, 2018); *Nichols v. Director*, 2016 WL 1130277 (E.D. Tex. Feb. 29, 2016); *Brown v. Lewis*, 2013 WL 4678594 (S.D. Miss. Aug. 30, 2013).

***Exhaustion***

Respondent also argues that Petitioner has failed to exhaust his available state court remedies. Indeed, a petitioner must exhaust available state court remedies as to each ground upon which he seeks habeas relief. *See Dickerson v Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). "[F]ederal courts should abstain from the exercise of … jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id*. The exhaustion doctrine "was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction as well as to limit federal interference in the state adjudicatory process." *Id*.

To satisfy the exhaustion requirement, a petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The petitioner must present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to consider them. Here, Petitioner "would need to present the grounds of his federal

habeas petition to the Mississippi Supreme Court." *Hudson v. Mississippi*, 2009 WL 2487930, at *1 (S.D. Miss. Aug. 12, 2009). "The exhaustion requirement is excused only in those rare cases where exceptional circumstances of peculiar urgency mandate federal court interference." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In ground two, Petitioner asserts that the state trial court denied him a bond and argues that this constitutes a violation of the Eighth Amendment. As previously mentioned, Petitioner filed a petition for writ of habeas corpus in the Mississippi Supreme Court. Petitioner, however, did not raise the issue of the denial of a bond in his pleading before the supreme court.[4] He raised only the speedy trial issue. Thus, Petitioner has failed to exhaust his state court remedies. *See Parks v. Hubbard*, 2015 WL WL 5640187, at *3 (S.D. Miss. Sept. 24, 2015); *Atwood v. Smith*, 2012 WL 243738, at *2 (S.D. Miss. Jan. 25, 2012).[5]

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. The Motion to Dismiss [4] be GRANTED;

2. As to grounds one, three, and four, the Petition for a Writ of Habeas Corpus [1] be DISMISSED with prejudice; and

3. As to ground two, the Petition for a Writ of Habeas Corpus [1] be DISMISSED without prejudice.

---

[4] *See* https://courts.ms.gov/ (last visited December 9, 2021).

[5] Additionally, Petitioner failed to exhaust his available state court remedies because he did not present any of his claims to the state's highest court in a procedurally proper manner. Petitioner file his petition for writ of habeas corpus before the Mississippi Supreme Court before the trial court had issued a ruling on the issue presented in the petition. The supreme court determined that the petition was premature and dismissed it without prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 9th day of December, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE